IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LEONARD E. DORSEY            *

    Plaintiff,              *

        v.                   *           2:05-CV-565-MHT
                                           (WO)
COVINGTON CO. COMM.          *
GREG WHITE, *et al*.,
                                 *

    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Leonard Dorsey, filed this 42 U.S.C. § 1983 action on June 14, 2005. He seeks $300,000.00 in damages as well as injunctive relief for his claims that Defendants subjected him to unconstitutional conditions of confinement and denied him adequate medical attention. Named as defendants are Covington County Commissioner Greg White, Sheriff Anthony Clark, Administrator Jerry Edgar, and Chief Jailor Dorene Nelson.

In response to the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the special report filed by Defendants. This case is now pending on Defendants' motion for summary

judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition to the motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I. THE COMPLAINT

When he filed this action Plaintiff was incarcerated at the Covington County Jail in Andalusia, Alabama.[1] He complains that conditions at the county jail violated his constitutional rights. Specifically, he alleges that the facility was overcrowded, understaffed, unsanitary, noisy, lacked sufficient bed space, housed rowdy and violent inmates, lacked adequate lighting and ventilation, lacked sufficient toilet facilities, provided small food portions, and had pest problems. Plaintiff also complains that Defendants failed to provide a grievance committee, did not always answer his grievances, oftentimes denied him access to the law library, sometimes cut visitation and recreation short, and occasionally gave inmates the wrong mail. Finally, Plaintiff alleges that he did not receive adequate medical care for his drug addiction and mental health issues, and that the jail was medically understaffed, did not have 24 hour sick call service, failed to provide medication to inmates when they needed it, failed to provide proper diets for inmates under a physician's medical care, and employed some unprofessional nurses. (Doc. No. 1 and attachment.)

## II. STANDARD OF REVIEW

To survive the properly supported motion for summary judgment filed by Defendants,

---

[1] During the pendency of this action Plaintiff was released from jail.

Plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claims. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing adequate to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v.*

*Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-1585 (11th Cir. 1996). Summary judgment is therefore appropriate when the pleadings, admissible evidentiary materials and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) *Federal Rules of Civil Procedure*; *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Plaintiff has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment.

### III. DISCUSSION

*A. Injunctive Relief*

Plaintiff is no longer incarcerated at the Covington County Jail. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the

4

pleadings and records before the court that Plaintiff is no longer incarcerated, his requests for declaratory and/or injunctive relief have been rendered moot.

*B. Commissioner Greg White*

County commissioners cannot be held liable for actions undertaken during the daily operation of a county jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Moreover, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county--including the jail--are legislative acts protected by legislative immunity."). Thus, Plaintiff's claims against Commissioner White are due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

*C. Conditions of Confinement*[2]

Defendants deny that Plaintiff was subjected to unconstitutional conditions of

---

[2] Plaintiff was a pre-trial detainee at the time the events about which he complains occurred. Thus, the standard of review with respect to the conditions and medical claims raised herein is technically under the Fourteenth Amendment rather than the Eighth Amendment as pretrial detainees are protected from conduct that amounts to punishment under the Due Process Clause of the Fourteenth Amendment. *See Lancaster v. Monroe County*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997) (A government official's treatment of a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment . . . while the Cruel and Unusual Punishment Clause of the Eighth Amendment governs an official's treatment of a convicted prisoner.") (citations omitted). With respect to the applicable standard of review regarding the claims presented herein, however, this is a distinction without difference. For analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Marsh v. Butler County, Ala.*, 225 F.3d 1243, 1256 (11th Cir. 1000); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Edwards v. Gilbert,* 867 F.2d 1271, 1274 (11th Cir.1989). Even if Plaintiff was serving time in the Covington County Jail as a convicted prisoner, the court's standard of review with regard to his claims would be the same as if the court considers him to have been a detainee.

confinement at the Covington County Jail. According to Defendants' evidentiary material, on April 20, 2005 the State of Alabama Department of Corrections inspected the jail. In its jail inspection report, the ADOC observed that the jail was "overcrowded at this time" but noted further that the overcrowded conditions did not affect the jail's security, sanitation, or personal hygiene. Defendants maintain that the conditions which existed at the jail during Plaintiff's incarceration did not present a health or safety hazard, and that all inmates had adequate sleeping facilities, exercise opportunities, food portions, as well as continual access to water and toilet facilities. (Doc. No. 10, Exhs. C, D, F, G.)

The Constitution proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations. *Id.* at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991) (overcrowding, without more, does not rise to the level of a constitutional violation). The Constitution "does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes*, 452 U.S. at 349). Thus, it is well-settled that the treatment a prisoner receives and the conditions under which he is confined are subject to constitutional scrutiny. *Helling v. McKinney*, 509 U.S. 25 (1993).

A prison official has a duty under the Eight Amendment to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food,

clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)); *Helling,* 509 U.S. at 33. In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective component requires an inmate to prove that he was denied the "minimal civilized measure of life's necessities." *Id*. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, 837.

In this case, Plaintiff alleges in conclusory terms that he was subjected to unconstitutional conditions of confinement at the Covington County Jail. (*See* Doc. No. 1 and attachment, Doc. No. 16.) Plaintiff has failed to establish, however, that the conditions about which he complains caused him serious harm. Additionally, he has failed to produce evidence which shows that Defendants knew of an obvious risk of serious harm to him and disregarded that risk, *Farmer* 511 U.S. at 837, or that Defendants' actions resulted in the denial of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347. Consequently, Defendants' motion for summary judgment on Plaintiff's claims challenging

the conditions of confinement at the Covington County Jail is due to be granted.

*D. Medical Treatment*

Plaintiff complains that the medical care and treatment he received at the Covington County Jail was unconstitutional because he did not receive adequate medical treatment for problems associated with his drug addiction and mental problems. He also alleges that the medical unit was understaffed, failed to provide 24-hour sick call service, employed some unprofessional nurses, provided improper diets for those under a physician's care, and failed to provide medication or medical attention when it was needed. (Doc. No. 1 and attachment.)

It is clear from the pleadings filed in this case that the named defendants are not health care professionals. "There is 'no *respondeat superior* liability for a § 1983 claim.' *Marsh [v. Butler County, Alabama*, 268 F.3d 1014, 1035 (11th Cir. 2001) (*en banc*)]. Although § 1983 requires a connection between the official's acts or omissions and the plaintiff's injury, an official also may be liable where a policy or custom that he established or utilized resulted in deliberate indifference to an inmate's constitutional rights. *Id.* at 1059." *Salas v. Tillman*, 162 Fed.Appx. 918, 922 (11th Cir. 2006).

Plaintiff alleges no facts showing how the named defendants played a role in denying him adequate medical or mental health care. Accordingly, he fails to present any evidence sufficient to create a genuine issue of disputed fact with respect to the claim that the named defendants acted with deliberate indifference to his medical needs. There is nothing before the court which indicates that the named defendants personally participated in or had any

direct involvement with the medical treatment provided to Plaintiff. Additionally, the undisputed evidentiary materials demonstrate that medical personnel at the jail made all decisions relative to the course of treatment provided to Plaintiff and further establish that such treatment did not result from a policy instituted by the named defendants. (*See* Doc. No. 10, Exhs. B, C, D.)

The law does not impose upon prison officials a duty to directly supervise health care personnel, to set treatment policy for the medical staff, or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) (in the absence of a reason to believe, or actual knowledge, that medical staff is administering inadequate medical care, non-medical prison personnel are not chargeable with the Eighth Amendment scienter requirement of deliberate indifference); *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996) ( "a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted); *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977) (a medical treatment claim cannot be brought against managing officers of a prison absent allegations that they were personally connected with the alleged denial of treatment).

The record is completely devoid of evidence that the named defendants had knowledge of specific facts from which an inference could be drawn that a substantial risk

of harm existed to Plaintiff, that Defendants actually drew this inference and thereafter ignored the risk. Plaintiff has, therefore, failed to establish the requisite element of subjective awareness on the part of the named defendants. *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003). Consequently, summary judgment is due to be granted in favor of Defendants on Plaintiff's deliberate indifference claim.

*E. Grievances*

Plaintiff submitted numerous grievances while incarcerated at the Covington County Jail. (*See* Doc. Nos. 10, 16.) He complains that Defendants did not provide a jail grievance committee and did not always respond to his grievances.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). In the context of a county jail setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted). "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982). Thus, Defendants' failure to comply with the established procedures of the jail's grievance mechanism and their failure to provide a jail grievance committee provides no basis for relief under § 1983. *See*

*Brown v. Dodson*, 863 F.Supp. 284 (W.D. Va. 1994); *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982). Defendants' dispositive motion on this claim is, therefore, due to be granted.

*F. Access to the Courts*

Plaintiff contends that during his incarceration at the Covington County Jail he oftentimes was denied access to the law library. Plaintiff's access to the courts claim is without merit. To demonstrate that Defendants' actions impacted his access to the courts, Plaintiff must show that he suffered some actual prejudice in prosecuting litigation. *See Lewis v. Casey,* 518 U.S. 343, 352-53 (1996).

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis*, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that the *Bounds* decision stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355. Additionally, the Court found that "[b]ecause *Bounds* did not create an abstract, free-

standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 353; *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) ("prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim); *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (inmate must demonstrate that inability to gain access to legal materials resulted in "actual injury" to his "capacity of bringing contemplated challenges to sentences or conditions of confinement before the courts").

Here, Plaintiff fails to allege any specific facts showing that he suffered prejudice to any pending or contemplated direct appeals, habeas corpus applications, or non-frivolous civil rights claims. Thus, he has not demonstrated actual prejudice as required to set forth a valid claim for the denial of access to the courts. Defendants' dispositive motion on this claim is, therefore, due to be granted.

## IV. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (Doc. No. 10) be GRANTED;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3. This case be DISMISSED with prejudice; and

4. Costs of the proceeding be TAXED against Plaintiff for which execution may

issue.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before August 6, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done, this 25th day of July 2007.

/s/ Wallace Capel
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE